## JONES *et al.* v. JACKSON.

BECK, P. J. The motion to dismiss the bill of exceptions in this case must prevail, as it is not made to appear that there was service of the same upon the opposite party or his attorney in accordance with the provisions of the statute providing for the service of bills of exceptions. The provision of the statute referred to is contained in § 6160 (1) of the Civil Code of 1910, which .reads as follows: " Within ten days after the bill of exceptions is signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions." In the instant case there is no " return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions." There is attached to the brief of counsel for plaintiff in error a certificate made by the clerk of the superior court, that the plaintiff in error handed the bill of exceptions to him with request that it be served on the attorney for the opposite party; that the clerk did present the bill of exceptions to the attorney and ʻrequested him

to acknowledge service, which he refused to do; and that he then handed the paper to the sheriff of the county, that he might make service. The plaintiff in error states, without making affidavit, that he presented the bill of exceptions to the defendant's attorney, and that he refused to acknowledge service or accept copy of the same. This certificate of the clerk of the superior court and statement of the plaintiff in error do not cure the failure to make proper return of service according to the terms of the statute. *Brantley v. McArthur,* 132 *Ga.* 459 (64 S. E. 326); *Smith v. Hirsch,* 119 *Ga.* 514 (46 S. E. 637). The writ of error is accordingly dismissed.

*Writ of error dismissed. All the Justices concur.*

No. 3189. DECEMBER 15, 1922.

Writ of error; from Morgan. Motion to dismiss.

*Aaron Jones* and *J. E. Sistrunk,* for plaintiffs.

*E. W. Butler,* for defendant.